# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

**David E. Patton**
*Executive Director and Attorney-in-Chief*

**Deirdre D. von Dornum**
*Attorney-in-Charge*

April 23, 2018

**By Hand, Email and ECF**
The Honorable William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:    <u>United States v. David White 17-CR-333 (WFK)</u>

Your Honor:

    Mr. White respectfully submits the following motions *in limine* in advance of his trial, which is scheduled to begin May 14, 2018.  The defendant moves that:

(1) when the jury learns that Mr. White was previously convicted of a felony, there be no reference to the number, name or nature of the prior conviction, and the jury receive a limiting instruction at the time the parties read the stipulation containing information about Mr. White's prior conviction;

(2) there be no use of the phrase "convicted felon" when referring to Mr. White in the presence of the jury;

## I.    Background

    On May 31, 2017, David White was seated in his car, waiting for his girlfriend at 337 Bristol Street in Brooklyn, NY. David White was sitting in the driver's seat of the car when two NYPD officers approached him. The car was parked when the officers arrived. While the car was admittedly stopped in front of a hydrant when the officer's arrived, Mr. White was not engaged in any additional illegal or suspicious activity when the officers approached him.

    Officers requested that Mr. White provide his New York State driver's license. In response to an officer's command, Mr. White complied and provided his identification documents. After Mr. White provided his documents, officers ordered Mr. White to exit the vehicle. Fearful for his safety, Mr. White placed both his hands on the steering wheel, and

remained in the vehicle. Eventually, police officers broke the driver's side window. Officers reached into the vehicle, opened the driver's side door, and physically removed Mr. White. They then escorted Mr. White to the back of the vehicle. After escorting him to the back of the vehicle, police officers handcuffed Mr. White and detained him at a location out of reach of the interior of the vehicle.

During a search of the car, officers claim to have discovered a handgun containing ten rounds of ammunition. No marijuana, nor any marijuana contraband was recovered during the search. No fingerprints or DNA link Mr. White to the gun officers allege they recovered. Finally, no witness will testify that they ever observed Mr. White holding the gun charged in this case or any weapon that night.

## II.    Motions *in Limine*

In order that Mr. White receive a fair trial, he moves *in limine* to preclude and to admit certain evidence.

(1)    No Reference Should be Made to the Number, Name, or Nature of Mr. White's Prior Convictions, and the Jury Should Receive a Limiting Instruction at the Time the Prior Conviction Stipulation Is Entered into Evidence.

The parties have agreed to stipulate to the element that prior to his arrest, Mr. White "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In light of this agreement, evidence of the name and nature of that conviction to prove the prior conviction element of the statute is inadmissible. *See Old Chief v. United States*, 519 U.S. 172, 181-185 (1997) (holding such evidence should be excluded under Fed. R. Evid. 403 because it is unfairly prejudicial to a defendant, given the likelihood that a jury informed of the nature of a prior conviction would be led to convict the defendant of possessing a firearm on an improper basis). Further, with respect to Mr. White's criminal record, the jury must decide only whether he previously "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," so as to bring him within the ambit of section 922(g)(1).

After the stipulation between the parties regarding Mr. White's prior conviction is read into evidence in the government's case-in-chief, Mr. White respectfully requests that the Court provide the jury with the following limiting instruction:

3

> You have just heard a stipulation between the parties that Mr. White was previously convicted of a crime. I caution you that the conviction is only to be considered by you as one of the elements of the charge, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in any way in deciding whether the government has proven beyond a reasonable doubt that Mr. White was in possession of the firearm, which is disputed.

Adapted from Sand, *Modern Federal Jury Instructions*, Instruction 35-48.

### (2) The Phrase "Convicted Felon" Should Not be Used to Refer to Mr. White.

Mr. White requests that when describing his prior felony conviction, there be no use of the particular phrase "convicted felon," which is not in the statutory language. Instead, in accordance with the expressed preference of the Court of Appeals, the (stipulated) element of the prior conviction should be alluded to before the jury through other locutions, for example, "convicted of a crime punishable by more than one year of imprisonment,"[1] which more closely tracks the statutory language and avoids undue prejudice.

The phrase "convicted felon" carries with it a connotation, often invoked in the media, of a bad and dangerous person that could cause the jury to convict Mr. White based on fear and prejudice rather than on the evidence at trial. Indeed, an Assistant Attorney General, who headed the United States Department of Justice, Office of Justice Programs announced on May 4, 2016 that her agency would no longer use the word "felon" to refer to a formerly incarcerated person, calling the term an "unnecessarily disparaging label."[2] This Court should apply Mr. White the same protections. In the recent trials of *United States v. Kadeem Bacote*, 15-CR-378 (FB) and *United States v. Shameke Walker*, 15-CR-388 (JBW), Judge Block and Judge Weinstein, respectively, each granted this motion and the United States Attorney's Office complied without difficulty.

Likewise, the Second Circuit has instructed that avoiding the specific phrase "convicted felon" is the preferred practice; doing so minimizes the risk of prejudice resulting from the jury hearing about the existence of a defendant's prior felony in a felon in possession case. *See United States v. Belk*, 346 F.3d 305 (2d Cir. 2003). In *Belk*, the district court "instructed the government to refrain from characterizing Mr. Belk as a 'convicted

---

[1] For all of the same reasons, the Court should preclude the government from calling Mr. White a "felon" or using the term "felony" at all.

[2] Karol Mason, *Guest Post: Justice Dept. Agency to Alter its Terminology for Released Convicts, to Ease Reentry*, available at https://www.washingtonpost.com/news/true-crime/wp/2016/05/04/guest-post-justice-dept-to-alter-its-terminology-for-released-convicts-to-ease-reentry (last accessed December 19, 2016).

4

felon' in its arguments at trial." *Id.* at 309. The Second Circuit noted with approval the careful precautions taken by the district court to limit the risk of unfair prejudice caused by the jury learning of the defendant's status as a person previously convicted of a felony. Such precautions included a curative jury instruction, redaction of the indictment to omit the nature and number of prior felonies, and instructing the government to refrain from characterizing the defendant as a "convicted felon." The Court lauded this practice, calling it a "commendable" method for introduction of the evidence of the prior felony conviction. *Id.* at 311. This Court should follow suit.

### III.   Conclusion

Therefore, in order that Mr. White have a fair trial, the defendant respectfully requests that the Court grant its motions *in limine*.

Respectfully Submitted,

_____/s/_____
Len H. Kamdang
Staff Attorney
(718) 407-7414

cc:   Clerk of Court (WFK) (by ECF and Hand)
      AUSA Sarah Evans (by ECF and E-mail)